UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **In Re:** | ) | **Case No.** 13-10001-399 |
| | ) | |
| Ferra, Luis Ferra | ) | |
| Ferra, Lori Ann | ) | Chapter 7 |
| | ) | |
| Debtors | ) | Hon. Barry S. Schermer |
| | ) | U. S. Bankruptcy Judge |
| | ) | |
| | ) | Hearing Date: July 8, 2013 |
| | ) | Hearing Time: 1:45 p.m. |

**UNITED STATES TRUSTEE'S
MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(2)**

The United States Trustee ("UST") for Region 13, through the undersigned counsel, moves the Court to dismiss this case pursuant to 11 U.S.C. § 707(b)(2).  In support of this motion, the UST respectfully states that:

1.  This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) and (b), 28 U.S.C. §§ 157(a) and (b)(1), and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B).  This motion is filed pursuant to 11 U.S.C. § 707(b)(1).

2.  Debtors filed a voluntary Chapter 7 petition on January 1, 2013.

3.  The 341 meeting of creditors was originally scheduled for January 25, 2013 and the meeting has been continued several times to enable Debtors to supply certain requested documents to the UST.  As of today's date the documents have not been provided.

4.  Pursuant to 11 U.S.C. § 704(b)(1)(a), the UST reviewed the material filed by the Debtors.  On May 2**,** 2013, the UST filed a Statement of Presumed Abuse (the "10-Day Statement").

5.  This Motion was filed within thirty (30) days of the 10-Day Statement and is timely.

**II.     Dismissal Under Section 707(b)**

6. Section 707(b)(1) provides for dismissal of a chapter 7 case upon a finding of "abuse" by an individual debtor with "primarily consumer debts."  11 U.S.C. § 707(b)(1). The Debtors checked the box on the first page of their Voluntary Petition indicating that their debts are primarily "Consumer/Non-Business."  Debtors have listed primarily consumer debts in schedules filed with the Court, including non-priority, unsecured debts of $23,124.40 listed on Schedule F.

7.  Section 707(b)(2)(A)(i) requires the Court to presume that a debtor's chapter 7 filing is abusive "if the debtor's current monthly income reduced by amounts determined under clauses (i), (ii), (iii), and (iv) [of § 707(b)(2)(A)], and multiplied by 60 is not less than the lesser of –

   (I)     25 percent of the debtor's non priority unsecured claims in the case, or $7,025.00, whichever is greater; or

   (II)    $11,725.00.

   11 .S.C. § 707(b)(2)(A)(i).

8. Stated differently, if after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $117.08 per month in monthly disposable income (*i.e.*, less than $7,025.00 to fund a 60 month repayment plan), the filing is not presumed abusive.  If the debtor has monthly disposable income of more than $195.42 or more, or $11,725.00 to fund a 60 month plan, the filing is presumed abusive.  Finally, if the debtor has between $117.08 and $195.42 per month in disposable income, the case will be presumed abusive if that sum, multiplied by 60, will pay 25% or more of the debtor's non-priority unsecured debts.

9. The Debtors' Statement of Current Monthly Income and Means Test Calculation ("Form 22A")[1] indicates that the presumption of abuse does not arise and that the Debtors have ($81.86) monthly disposable income available to repay creditors. The UST has identified errors with respect to the Debtors' expense deductions on their Form 22A; however, and has prepared her own corrected Form 22A[2]. The UST's corrected Form 22A reflects that the Debtors in fact have monthly disposable income totaling $1022.09, which multiplied by 60 exceeds $11,725.00. Accordingly, contrary to the Debtors' assertion and for the reasons discussed below, the presumption of abuse arises in this case.

### A. Debtors' Current Monthly Income

10. Form 22A requires debtors to calculate their "current monthly income" ("CMI"). CMI is defined in § 101(10A) to mean, in joint cases, the average monthly income received from all sources by the debtor and the debtor's spouse during a six month period ending on the last day of the month preceding the date of the commencement of the case. 11 U.S.C. § 101(10A). The Debtors Form 22A states that their CMI is $6,526.92.

One of the errors regarding Debtors' expenses is on line 26 of Debtors' Form 22A. Line 26 includes the debtors' total average monthly payroll deductions that are required for the debtor's employment, such as mandatory retirement contributions, union dues, and uniform costs. Discretionary amounts, such as non-mandatory 401(k) contributions, are not included in Line 26. In re Mordis, 2007 WL 2962903 (Bankr. E.D. Mo. Oct. 9, 2007); In re Mowris, 384 B.R. 235 (Bankr. W.D. Mo. 2008); In re Linton, 358 B.R. 651, 660 (Bankr. E.D. Pa. 2006); In re Barraza, 346 B.R. 724, 733 n.5 (Bankr. N.D. Tex 2006) . Debtors have not provided proof that the amount listed on their line 26 is for mandatory deductions.

---

[1] A copy of Debtors' Form 22A is attached as **Exhibit 1.**
[2] A copy of the UST's corrected Form 22A is attached as **Exhibit 2**.

Another error regarding Debtors' expenses is the household size of four claimed by the Debtors on Debtors' Form 22A. Debtors' schedules indicate that the household size should be three.

**B.     Presumption of Abuse Pursuant to § 707(b)(2)**.

11.  Because the Debtors have monthly disposable income sufficient to pay creditors more than $11,725.00 over 60 months, the presumption of abuse arises under § 707(b)(2), and the Court should dismiss this case pursuant to § 707(b)(1) on that basis.

WHEREFORE, the United States Trustee respectfully requests, pursuant to § 707(b)(1), that the Court dismiss this case, and for such other and further relief as may be just and proper.

Respectfully Submitted,

NANCY J. GARGULA
UNITED STATES TRUSTEE

By:   /s/ Martha Dahm
Martha Dahm, Trial Attorney
Missouri Bar # 35410, Federal ID #32791
Office of United States Trustee
111 S. 10th Street, Room 6353
St. Louis, MO 63102
(314) 539-2982, Fax (314) 539-2990
Email Address: martha.m.dahm@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was electronically mailed by the U. S. Bankruptcy Court, Eastern District of Missouri to those names listed below and / or by first class mail postage prepaid this 3rd day of May 2013, to the following:

Jim S. Green
114 W. North Street
P.O. Box 545
Sikeston, MO 63801

Charles Riske
231 S. Bemiston, Suite 1220
Clayton, MO 63105

Spencer and Judy Fodge
P.O. Box 786
Sikeston, MO 63801

/s/ Martha Dahm